```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION
```

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. S1-4:10CR523JCH(MLM) |
| | ) |
| ROBERT MONTELL SILLS, JR., | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the court on pretrial Motions filed by defendant, Robert Montell Sills, Jr. A hearing was held on January 28, 2011 at which the parties argued their respective positions. The parties agreed that neither testimony nor evidence need be adduced.

**1.    Motion to Dismiss the [Superseding] Indictment [Doc. 95]**

Defendant has moved to dismiss the indictment on grounds that it is vague, uncertain, indefinite, ambiguous and duplicitous, that it does not contain a plain, concise and definite statement of the essential facts constituting the offense charged, and that it fails to inform the defendant of the nature of the charges against him. He further alleges that the indictment fails to allege sufficient facts to constitute an offense against the Constitution or laws of the United States. In addition to allegations that the indictment was based on insufficient competent evidence having been presented to the grand jury, defendant alleges that the indictment charges him under laws which are illegal, void and unconstitutional as applied to defendant.

To be legally sufficient on its face, the indictment must contain all the essential elements of the offense(s) charged, it must fairly inform the defendant of the charge(s) against which the defendant must defend, and it must allege sufficient information to allow the defendant to plead a conviction or an acquittal as a bar to a subsequent prosecution.  United States Const. Amends. V and VI; Fed.R.Crim.P. 7(c); Hamling v. United States, 418 U.S. 87, 117 (1974); United States v. Hance, 501 F.3d 900, 906 (8th Cir. 2007); United States v. Just, 74 F.3d 902, 903-04 (8th Cir. 1996); United States v. Wessels, 12 F.3d 746, 750 (8th Cir. 1993), cert. denied, 513 U.S. 831, (1994); United States v. Young, 618 F.2d 1281, 1286 (8th Cir.), cert. denied, 449 U.S. 844 (1980).

Defendant is charged in the Superseding Indictment with Knowingly and Intentionally Conspiring, Confederating and Agreeing Together with Others to Commit the Crime of Use of Interstate Commerce Facilities in the Commission of Murder-for-Hire in Violation of 18 U.S.C. § 1958(a).  The elements of a conspiracy are:

1.)     Two or more persons reached an agreement or came to an understanding to [commit a crime];

2.)     The defendant voluntarily and intentionally joined in the agreement or understanding;

3.)     At the time the defendant joined in the agreement or understanding he knew the purpose of the agreement or understanding; and

4.) While the agreement or understanding was in effect a person or persons who had joined in the agreement knowingly did a specific overt act for the purpose of carrying out or carrying forward the agreement or understanding. See Model Jury Instructions for the Eighth Circuit, 5.06A: 18 U.S.C. § 371.

The elements of use of interstate commerce facilities in the commission of murder for hire are[1]:

1.) Traveling in or causing another to travel in interstate commerce . . .

2.) With the intent that a murder be committed . . .

---

[1] 18 U.S.C. § 1958 states:
(a) whoever travels in or causes another (including the intended victim) to travel in interstate or foreign commerce, or uses or causes another (including the intended victim) to use the mail or any facility of interstate or foreign commerce, with intent that a murder be committed in violation of the laws of any state or the United States as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value, or who conspires to do so, shall be fined under this title or imprisonment for not more than 10 years, or both; and if personal injury results, shall be fined under this title or imprisoned for not more than 20 years, or both; and if death results, shall be punished by death or life imprisonment, or shall be fined not more than $250,000, or both.

(b) As used in this section and section 1959 - - (1) "anything of pecuniary value" means anything of value in the form of money, a negotiable instrument, a commercial interest, or anything else the primary significance of which is economic advantage; (2) "facility of interstate of foreign commerce" includes means of transportation and communication; and, (3) "State" includes a "State of the United States, the District of Columbia and any commonwealth, territory or possession of the United States."

3.) In violation of the laws of any State . . .

4.) As consideration for the receipt of or as consideration for a promise or agreement to pay . . .

5.) Anything of pecuniary value . . . and

6.) Personal injury resulted.

The Superseding Indictment contains all the elements of the crime charged, that is,

> Beginning in September 2010 and continuing through September 23, 2010, in the city of St. Louis, Missouri . . .the defendants herein, did knowingly and intentionally conspire, confederate and agree together, with each other, and others known and unknown, to commit the following offense against the United States: Using and causing another to use a facility in interstate commerce and traveling and causing another to travel in interstate commerce with the intent that a murder be committed, in violation of the laws of the State of Missouri, as consideration for the receipt of and as consideration for a promise and agreement to pay things of pecuniary value, that is: $5,000 in U.S. currency; and in the course thereof personal injury resulted.

Superseding Indictment, Count I.

To the extent defendant argues that the Indictment was returned on the basis of insufficient or incompetent evidence, an indictment valid on its face is immune from attack by a claim that there was insufficient competent evidence presented to the grand jury. United States v. Calandra, 414 U.S. 338, 349-52 (1974); Costello v. United States, 350 U.S. 359, 363-64 (1956).

To the extent defendant argues that the Indictment is based on heresay, an indictment may be based in whole or in part on hearsay evidence. Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395 (1959); United States v. Bednar, 728 F.2d

1043, 1049 (8th Cir.), cert. denied, 469 U.S. 827 (1984). The government states that no illegally seized evidence was presented to the grand jury in the present case, however, even if it had been, the indictment would not be rendered invalid by such evidence. United States v. Calandra, 414 U.S. 338, 354 (presentation of inadmissible evidence to grand jury involves no independent or new violation of the Fourth Amendment); United States v. Levine, 700 F.2d 1176, 1179 (8th Cir. 1983) (the exclusionary rule does not prohibit illegally seized evidence from being considered by a grand jury).

There is no doubt that an indictment plays a part in protecting a defendant against double jeopardy. However, "the defendant's attack on the present indictment falls wide of the mark since it is the record as a whole that protects an accused from being 'twice put in jeopardy of life or limb.'" United States v. Roman, 728 F.2d 846, 853 (7th Cir.) cert. denied, 466 U.S. 977 (1984). It is necessary that the record as a whole, not just the indictment, show with accuracy to what extent a defendant may plead a former acquittal or conviction if he is charged in another proceeding with a similar offense. Id. This is because a defendant claiming he has been subjected to double jeopardy bears the burden of establishing that both prosecutions are for the same offense. "The defendant must show that 'the evidence required to support a conviction on one indictment would have been sufficient to warrant a conviction on the other' indictment" Roman, 728 F.2d at 853 quoting United States v. West, 670 F.2d 675, 681 (7th Cir.) cert. denied, 457 U.S. 1124 (1982). The record in its entirety will protect defendant in this case.

In addition, defendant was previously charged by Complaint and the Affidavit in Support provides defendant with more information. Defendant has been provided an enormous amount of discovery in this case. The Superseding Indictment, the discovery and the record at trial will assure the defendant is protected against double jeopardy. In other words,

> The true test of the sufficiency of an indictment is not whether it could have been made more definite and certain but whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.

United States v. Goldberg, 225 F.2d 180, 184 (8th Cir. 1955); see also Costello v. United States, 350 U.S. 359, 363-64 (1956) (The test of the sufficiency of the government's evidence should come at trial, not in challenges to the indictment); United States v. Hirsch, 360 F.3d 860, 863 (8th Cir. 2004) (Defendant's motion to dismiss amounts to a request for court to determine guilt or innocence based on facts which the jury should decide at trial).

In any event, the sufficiency of an indictment is to be judged by practical, not technical considerations. Hanf v. United States, 235 F.2d 710, 714 (8th Cir.), cert. denied, 352 U.S. 880 (1956). An indictment is nothing more than a formal charge by which a defendant is brought to trial. Id.

This [Superseding] Indictment is a plain, concise and definite statement of the essential facts constituting the offense(s) charged and complies in all respects with Rule 7 of the Federal Rules of Criminal Procedure. It tracks the language of the

statute(s) and places the defendant on notice of the nature and extent of the charges in order to protect him from double jeopardy. See Hamling, 418 U.S. at 117; Young, 618 F.2d at 1286. The [Superseding] Indictment should not be dismissed.

**2.    Motion for Bill of Particulars [Doc. 92]**

Defendant has moved for an order directing the government to file a bill of particulars. A bill of particulars is not required when the indictment is sufficient to apprise the defendant of the charges against him. See, e.g., United States v. Matlock, 675 F.2d 981 (8th Cir. 1982). The undersigned has found that this indictment is sufficient to permit the defendant to prepare his defense. Moreover, the specific information sought here does not warrant a bill of particulars. See, e.g., United States v. DiCesare, 765 F.2d 890, 897-98 (9th Cir.), amended, 777 F.2d 543 (9th Cir. 1985); United States v. Kendall, 665 F.2d 126, 135 (7th Cir. 1981), cert. denied, 455 U.S. 1021 (1982). Defendant's request seeks evidentiary details. The Eighth Circuit has held that a bill of particulars may not be used for discovery purposes. United States v. Hill, 589 F.2d 1344 (8th Cir.), cert. denied, 442 U.S. 919 (1979). Therefore, defendant's Motion for a Bill of Particulars should be denied.

The Motion requests specific information regarding the particulars of defendant's involvement in the crime, the dates and location of the acts or omissions, the precise consideration, the date and location of the receipt of the consideration, the acts or omissions of the defendant or others which caused another to travel in

interstate commerce and the acts or omissions proving that there was intent that a murder be committed.

The Motion was filed before discovery was transferred to defendant. Much of the information sought has been made available in the discovery process. To the extent defendant argues the statements and proffers of cooperating co-defendants are vague and inconsistent, the government responds that the statements are what they are. The government admits the cooperators' statements have flip-flopped and that they have at times lied. At the hearing, the government promised another proffer would be forthcoming. The government acknowledged there is no physical evidence putting defendant at the scene of the crime. The defendant has all the government's evidence, such as it is, and there is nothing more to be accomplished by a Bill of Particulars. The Motion should be denied.

### 3. Defendant's Oral Motion for 404(b) Evidence

The government stated at the hearing that much 404(b) evidence has already been produced and more will be forthcoming. The defendant did not dispute this. The Motion will be denied as moot.

### 4. Defendant's Motion to Compel [Doc. 90]

As noted above, this Motion was filed before the discovery was transferred to defendant. The parties agree it is now moot and it will be denied as such.

5. **Motion for Impeaching Information of Each and All of the Government's "Cooperating Witnesses" [Doc. 97]**

As noted above, this Motion was filed before the discovery was transferred to defendant. The government is aware of its duties under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and <u>United States v. Bagley</u>, 473 U.S. 667 (1985) and has agreed to comply. The Motion will be denied as moot.

6. **Motion for Disclosure of the Purported Identity of Informants, Cooperating Sources and Implanted Infiltrators [Doc. 98]**

As noted above, this Motion was filed before the discovery was transferred to defendant. The defendant is aware of all the cooperating sources and as such the Motion will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's oral Motion for 404(b) evidence is **DENIED as MOOT**.

**IT IS FURTHER ORDERED** that defendant's Motion to Compel is **DENIED as MOOT**. [Doc. 90]

**IT IS FURTHER ORDERED** that defendant's Motion for Impeaching Information of Each and All of the Government's "Cooperating Witnesses" is **DENIED as MOOT**. [Doc. 97]

**IT IS FURTHER ORDERED** that defendant's Motion for Disclosure of the Purported Identity of Informants, Cooperating Sources and Implanted Infiltrators is **DENIED as MOOT**. [Doc. 98]

**IT IS HEREBY RECOMMENDED** that defendant's Motion to Dismiss the [Superseding] Indictment be **DENIED**. [Doc. 95]

**IT IS FURTHER RECOMMENDED** that defendant's Motion for a Bill of Particulars be **DENIED**. [Doc. 92]

**IT IS FURTHER ORDERED** that Trial has been set by the Honorable Jean C. Hamilton on **March 14, 2011** at **9:00 A.M.** as to **ALL DEFENDANTS** IN THIS CASE.

The parties are advised that they have fourteen (14) days in which to file written objections to this report and recommendation pursuant to 28 U.S.C. §636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this   8th   day of February, 2011.